**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

TROY D. WAGNER,

        Petitioner,

        v.                                    CASE NO.  20-3180-JWL

COMMANDER,
Midwest Joint Regional Correctional
Facility,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is confined at the Midwest Joint Regional Correctional Facility at Fort Leavenworth, Kansas. Petitioner seeks to set aside his 2017 convictions by general court-martial.  Because Petitioner did not present the claims he makes here to the military courts, the petition for habeas corpus must be dismissed.

## I.  FACTUAL BACKGROUND

Petitioner, a former Staff Sergeant in the United States Army, was convicted by general court-martial at Fort Hood, Texas.  An enlisted panel convicted Petitioner, contrary to his pleas, of four specifications of sexual assault and two specifications of sexual abuse of a child under twelve years, in violation of Articles 120 and 120b, UCMJ, 10 U.S.C. 920 and 920b (2012). Petitioner's victims were his spouse, DW, and his stepdaughter, JG, who was ten years old at the time of the offenses.

The panel sentenced Petitioner to be reduced to the most junior enlisted grade of Private (E-1), to forfeit all pay and allowances, to be confined for five years, and to be dishonorably

discharged from the Army.  The convening authority approved the sentence but reduced Petitioner's period of confinement by thirty days due to a delay in post-trial processing.

On appeal, Petitioner was represented by a civilian attorney and two military attorneys. They submitted his appeal "without specific assignments of error" after "carefully examin[ing] the record of trial" and without admitting the panel's findings and sentence were correct in law and fact.  (Petitioner's Brief to the ACCA, ECF No. 11-1 at 25).  The Army Court of Criminal Appeals ("ACCA") affirmed Petitioner's convictions and sentence on January 17, 2019, holding "[o]n consideration of the entire record, including the consideration of the issues personally specified by [Petitioner], . . . the findings of guilty and the sentence as approved by the convening authority [were] correct in law and fact."  (ACCA's Decision, ECF No. 11-1 at 36).

Petitioner, represented by two military attorneys, one of whom also represented him on his ACCA appeal, appealed to the U.S. Court of Appeals for the Armed Forces ("CAAF").  The appeal was submitted to the CAAF "upon its merits" after "carefully examin[ing] the record of the case," but "d[id] not admit the findings and the sentence [were] correct in law and fact."  (Petitioner's Brief to the CAAF, ECF No. 11-1 at 39).  On May 6, 2019, the CAAF denied Petitioner's petition for grant of review.  *United States v. Wagner*, No. 19-0211/AR, 79 M.J. 70 (CAAF May 6, 2019); (ECF No. 11-1 at 54).

Petitioner brings the instant petition under § 2241, arguing that his conviction and sentence should be vacated and set aside.

## II.  CLAIMS PRESENTED

Petitioner raises the following grounds for relief in his petition pending before this Court:

1)  The evidence is legally and factually insufficient to support Petitioner's convictions;

2) The trial judge erred in failing to remedy panel members falling asleep during the government's case-in-chief; and

3)  Petitioner's appellate counsel was ineffective by failing to raise the issue of inattentive panel members, and the ACCA erred in failing to address the issue.

(*See* ECF No. 1, at 10-15).

## III.  STANDARD OF REVIEW

A federal court may grant habeas corpus relief where a prisoner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c).  However, the Court's review of court-martial proceedings is very limited.  *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 670 (10th Cir. 2010).  The Supreme Court has explained that "[m]ilitary law, like state law, is a jurisprudence which exists separate from the law which governs in our federal judicial establishment," and "Congress has taken great care both to define the rights of those subject to military law, and provide a complete system of review within the military system to secure those rights."  *Nixon v. Ledwith*, 635 F. App'x 560, 563 (10th Cir. Jan. 6, 2016) (unpublished) (quoting *Burns v. Wilson*, 346 U.S. 137, 140 (1953)).

Any claims that were not presented to the military courts are deemed waived.  *Id.*  (citing *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)).  For those claims presented to the military courts, this Court must determine whether those courts "fully and fairly reviewed" each claim.  *Id.*  If a claim was presented but not given full and fair consideration, then "the scope of review by the federal civil court expand[s]."  *Id.* (citing *Lips v. Commandant*, 997 F.2d 808, 811 (10th Cir. 1993)).

The Tenth Circuit has set forth the following four-part test to aid in determining when review of a whether the claims were fully and fairly considered:

> To assess the fairness of the consideration, our review of a military conviction is appropriate only if the following four conditions are met: (1) the asserted error is of substantial constitutional dimension, (2) the issue is one of law rather than disputed fact, (3) no military considerations warrant a different treatment of constitutional claims, and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

*Squire v. Ledwith*, 674 F. App'x 823, 826 (10th Cir. 2017) (unpublished) (quoting *Thomas*, 625 F.3d at 670–71 (citing *Dodson v. Zelez*, 917 F.2d 1250, 1252–53 (10th Cir. 1990)). The test "develops our understanding of full and fair consideration" to determine "whether the federal court may reach the merits of the case." *Squire*, 674 F. App'x at 827 (citing *Roberts*, 321 F.3d at 997). "While we continue to apply this four-part test, [we] have emphasized the fourth consideration as the most important." *Squire*, 674 F. App'x at 826 (quoting *Thomas*, 625 F.3d at 671).

"An issue has been given full and fair consideration when it has been briefed and argued at the military court, even if that court summarily disposed of the issue." *Williams v. Ledwith*, 671 F. App'x 719, 721 (10th Cir. 2016) (unpublished) (citing *Roberts*, 321 F.3d at 997; *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986)); *see also Squire*, 674 F. App'x at 826 ("Even a military court's summary disposition of a claim can show adequate consideration of the issues involved."); *Burke v. Nelson*, 684 F. App'x 676, 680 (10th Cir. 2017) (unpublished) (citing *Watson*, 782 F.2d at 145) ("[W]hen it comes to court-martial rulings on constitutional claims, our review is sharply limited: so long as the claim was briefed and argued before a military court, we must deny the claim.").

The petitioner has the burden to show that a military review was "legally inadequate" to resolve his claims. *Williams*, 671 F. App'x at 721 (citing *Watson*, 782 F.2d at 144 (quotation omitted)).

## IV. ANALYSIS

Mr. Wagner's petition demonstrates the narrow scope of this Court's ability to review a military conviction.  If Petitioner's claims were fully and fairly considered by the military courts, this Court must deny review.  On the other hand, if Petitioner's claims were not presented to the military courts, they are deemed waived and this Court cannot consider them.  The only claims this Court can consider are those that were presented to the military courts but not fully and fairly considered by those courts.

Based on the record before this Court, none of Petitioner's claims here were specifically presented to the military courts.  Petitioner's appellate counsel submitted his appeal to the ACCA with "no specific assignments of error" but stated generally that Petitioner "did not admit that the findings and sentence were correct in law and fact."  (Petitioner's Brief to the ACCA, ECF No. 11-1 at 25).  In addition, Petitioner's counsel also submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), issues Petitioner wanted raised, but the issues were different than those raised here.  (*See* ECF No. 11-1 at 29-34).  When appealing to the CAAF, Petitioner's counsel submitted the appeal "upon its merits" after "carefully examining the record of trial in the case" but "did not admit the findings and sentence were correct in law and fact."  (Petitioner's Supplement to Petition for Grant of Review, ECF No. 11-1 at 39).  Again, Petitioner's *Grostefon* issues were attached.  (*See* ECF No. 11-1 at 46-51).  Neither appeal mentioned the claim of insufficient evidence or the alleged inattention of panel members.  As a result, Petitioner's claims here were not raised in the military courts.  Consequently, Petitioner's claims are waived and may not be considered by this Court.  *See Watson,* 782 F.2d at 145 (finding a federal habeas court will not review claims not raised at all before the military courts); *Roberts,* 321 F.3d at 995 ("if a ground for relief was not raised in the military courts, then the district court must deem that ground

waived"); *Banks v. U.S.,* 431 F. App'x 755, 757 (10th Cir. 2011) (holding a petitioner whose claims were not raised in the military courts has not exhausted military court remedies and his petition must be dismissed without prejudice); *Evans v. Horton*, No. 18-3240-JWL, 2018 WL 6305654, at *5 (D. Kan. Dec. 3, 2018), *aff'd*, 792 F. App'x 568 (10th Cir. 2019).

There is an exception to the waiver rule.  If Petitioner can show cause for failing to raise the claims and actual prejudice resulting from the failure, this Court may consider them.  *Brimeyer v. Nelson*, 712 F. App'x 732, 735 (10th Cir. 2017) ("If a petitioner failed to raise a claim in the military courts, it is waived and may not be considered absent a showing of cause and actual prejudice."); *Lips,* 997 F.2d at 812.  Petitioner argues his appellate counsel's failure to specify any issue on appeal constituted ineffective assistance of counsel and should excuse his failure to exhaust.

Any attorney error short of ineffective assistance of counsel does not constitute cause for a failure to exhaust and procedural default.  *Murray v. Carrier*, 477 U.S. 478, 492 (1986).  Cause for failure to exhaust on appeal typically requires a showing that some external impediment prevented counsel from raising the claim.  *Id*.  Petitioner points to no such impediment.  Therefore, Petitioner must show constitutionally ineffective assistance of appellate counsel.

The right to effective assistance of counsel applies to the military accused by virtue of Article 38 of the Uniform Code of Military Justice and the Sixth Amendment to the United States Constitution.  *U.S. v. Annis,* 5 M.J. 351 (C.M.A. 1978).  The standard is the same as in non-military contexts.  *United States v. Adams*, 59 M.J. 367, 370 (C.A.A.F. 2004).  Petitioner must show (1) that his appellate counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) resulting prejudice, by demonstrating that appellate "counsel's errors were so serious as to deprive the [appellant] of a fair [appellate proceeding] ... whose result is reliable."

*Id.* (citing *Strickland v. Washington,* 466 U.S. 668, 687 (1986)).  The Tenth Circuit has described the required prejudice showing as "demonstrating a reasonable probability that, but for counsel's unprofessional error(s), the result of . . . the appeal . . . would have been different."  *United States v. Turrentine*, 638 F. App'x 704, 705 (10th Cir. 2016) (quoting *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003)).  Either prong of the *Strickland* test may be considered first and may be determinative.  *Strickland*, 466 U.S. at 697.  Petitioner must prove his allegations by a preponderance of the evidence, and the Court presumes that counsel was competent.  *Id.* at 689.

The question here under the first prong of *Strickland* is whether it was objectively unreasonable for Petitioner's appellate counsel to submit the appeals to the ACCA and the CAAF on the merits without specific assignments of error.  Petitioner argues that it was virtually per se or presumptive ineffective assistance of counsel.  The Court disagrees.  A "Pro Forma" or "Merits" pleading is provided for by Internal Rules of Practice and Procedure, United States Army Court of Criminal Appeals, Rule 15.2.  The rule provides for a pleading to be filed "without conceding the legal or factual correctness of the findings of guilty or the sentence ... which does not assign error[.]"  Furthermore, because Petitioner's sentence included a punitive discharge and confinement for more than a year, Article 66(c), UCMJ, provides for mandatory review by the ACCA.  *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016).  The scope of review by the ACCA differs from direct review in civilian federal appellate courts.  *United States v. Roach*, 66 M.J. 410, 412 (C.A.A.F. 2008).  In addition to reviewing a case for legal error, the ACCA has an affirmative obligation to ensure that "the evidence provides proof of the appellant's guilt of each offense beyond a reasonable doubt."  *Id.* (citing *United States v. Turner*, 25 M.J. 324, 324–25 (C.M.A.1987)).  Review by the ACCA is de novo.  "A complete Article 66, UCMJ, review is a 'substantial right' of an accused, *United States v. Jenkins,* 60 M.J. 27, 30 (C.A.A.F. 2004), and a

CCA may not rely on only selected portions of a record or allegations of error alone." *Chin*, 75 M.J. at 223 (citing *see United States v. Adams,* 59 M.J. 367, 372 (C.A.A.F. 2004)).

In addition to being aware of the heightened Article 66 review Petitioner's appeal would receive, Petitioner's appellate counsel attached to the requests for merits review a list of eight issues Petitioner wanted to raise. The military court system has a procedure through which appellants may raise legal issues even if their counsel does not think those issues are meritorious. *See United States v. Grostefon*, 12 M.J. 431, 435 (C.M.A. 1982). As explained in *Grostefon*, "[a]ppellate defense counsel has the obligation to assign all arguable issues, but he is not required to raise issues that, in his professional opinion, are frivolous." *Id.* It is notable that Petitioner did not include the issues he raises here in his *Grostefon* submission to the ACCA or the CAAF.

The Court rejects the suggestion that submitting Petitioner's appeal on the merits was presumptive ineffective assistance of counsel. *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (finding *Strickland* provides the proper standard for evaluating claim that appellate counsel was ineffective in neglecting to file a merits brief under California procedure); *Anderson v. Bolster*, No. 1:19CV75 (LO/TCB), 2020 WL 1056504, at *8 (E.D. Va. Mar. 4, 2020) (finding military appellate counsel's failure to raise issues servicemember thinks have merit is not *per se* violation of law). The Court also finds appellate counsel's conduct was not objectively unreasonable under *Strickland*.

However, even if Petitioner satisfied the first prong of *Strickland*, he fails to meet his burden under the second prong. He fails to demonstrate a reasonable probability that, but for appellate counsel's alleged errors, the result of the appeal would have been different. *See Turrentine*, 638 F. App'x at 705. "The burden to show prejudice is met when the appellant shows that appellate 'counsel's errors were so serious as to deprive the [appellant] of a fair [appellate

proceeding] ... whose result is reliable.'" *Smith,* 528 U.S. at 285-86 (quoting *Strickland,* 466 U.S. at 687).

The result of applying the *Strickland* test here is that this Court must consider the merits of Petitioner's claims.  Stated another way, to determine whether Petitioner's waiver of his claims should be excused by ineffective assistance of appellate counsel so the merits of those claims can be considered, the Court must essentially consider the merits of Petitioner's claims.  The Court must determine whether there is a reasonable probability that Petitioner's appeal would have been successful if his appellate counsel had specifically raised the claims of sufficiency of the evidence and inattention of panel members.

The Court finds that neither of Petitioner's assignments of error have merit.  The evidence presented at trial was legally and factually sufficient to support Petitioner's convictions.  Both victims testified.  Two witnesses who corroborated DW's allegations testified, stating she had told them about Petitioner's conduct at the time it occurred, long before Petitioner was charged with a crime.  In addition, the witnesses testified that they had each independently confronted Petitioner, and he admitted his conduct to each of them.  Last, a statement made by Petitioner to law enforcement in which he admitted he assaulted DW while she slept multiple times over a period of years was admitted into evidence.  As for JG, she described the incident forming the basis of the charge in detail.  Her mother testified to a change in her behavior following the incident. Petitioner confessed to sexually abusing JG when he was interviewed by criminal investigators, providing a detailed written confession under oath that was admitted into evidence.  In his confession, he corroborated JG's description of the incident.

Petitioner's arguments to the contrary – that DW and JG may have had motivations to lie and that there may be influences on a child to falsely accuse a stepparent of sexual assault – are

conjecture and are countered by Petitioner's confessions and the other evidence.  Moreover, trial defense counsel made these arguments, repeatedly raising credibility arguments on the record before the panel.  The Court finds that Petitioner has failed to show that there is a reasonable probability that his appellate counsel could have been successful in challenging the sufficiency of the evidence supporting the panel's findings of guilt.

Similarly, the Court finds that Petitioner's claim relating to panel members' alleged inattention lacks merit.  Petitioner claims the trial judge erred in failing to remedy panel members falling asleep.  Petitioner's trial counsel mentioned to the trial judge on the record that "a couple" of the panel members "sort of started [to] doze off."  The trial judge stated he had been watching the panel members and had not seen anybody actually dozing off, and he asked the attorneys to bring it to his attention if they saw any further problems.  The issue did not come up again.  The Court cannot find that Petitioner's appellate counsel acted unreasonably by deciding not to raise this issue on appeal or that Petitioner was prejudiced as a result of a meritless issue not being appealed.

Petitioner also argues in his Traverse that he was prejudiced by having one of his appellate counsel involved at both the ACCA and CAAF levels.  He asserts this created a conflict of interest that must be presumed prejudicial.  An actual conflict of interest is one of the presumptively prejudicial categories outlined in *Strickland*.  *Smith*, 528 U.S. at 287.  To establish a valid claim, Petitioner must show more than the mere "possibility" of a conflict of interest.  *Cuyler v. Sullivan,* 446 U.S. 335, 350 (1980).  Petitioner argues that having the same attorney assist with both levels of appellate review created a conflict between the lawyer's self-interest in avoiding being found to have rendered ineffective assistance and Petitioner's interests.  Petitioner cites no case finding a conflict of interest under similar circumstances.  The Court finds that Petitioner has asserted no

more than a possible conflict of interest that did not exist in this case because appellate counsel did not render ineffective assistance at the ACCA level, as discussed above.  Moreover, Petitioner had the opportunity to include any claim of the ineffectiveness of his appellate counsel in his *Grostefon* submission to the CAAF, which alleviates any potential prejudice to Petitioner.

## V. CONCLUSION

The Court finds Petitioner has not met his heavy burden to overcome the presumption that his appellate counsel were competent.  Because there was no ineffective assistance of counsel and no outside impediment to Petitioner's counsel raising his claims on appeal, Petitioner's failure to exhaust is not excused and his claims here are deemed waived.  In so holding, the Court expresses no opinion as to what remedies remain available to Petitioner at the present time. However, the dismissal is without prejudice to Petitioner's attempting to exhaust any avenues of relief which may remain available to him and returning to this Court at such time as the exhaustion requirement has been satisfied.

**IT IS THEREFORE ORDERED BY THE COURT** that the petition for habeas corpus is **dismissed without prejudice** for failure to exhaust.

**IT IS SO ORDERED**.

**Dated December 21, 2020, in Kansas City, Kansas.**


**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**